JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 14 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

RELEASED FOR PUBLICATION

DOCKET NO. 751

IN RE AIR CRASH DISASTER AT STAPLETON INTERNATIONAL AIRPORT, DENVER, COLORADO, ON NOVEMBER 15, 1987

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK, AND LOUIS H. POLLAK,* JUDGES OF THE PANEL

## TRANSFER ORDER

PER CURIAM

This litigation presently consists of nineteen actions pending in two federal districts: twelve actions in the District of Idaho and seven actions in the District of Colorado. Before the Panel is a motion, by defendants Continental Airlines, Inc. (Continental) and Texas Air, Inc. (Texas Air), to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in the District of Colorado for coordinated or consolidated pretrial proceedings.[1/] Plaintiffs in six Colorado actions and defendant McDonnell Douglas Corporation support centralization in the District of Colorado. Plaintiffs in ten Idaho actions, and in one potential tag-along action pending in the District of Idaho, favor centralization in the District of Idaho.[2/] Plaintiffs

---

\* Judge Louis H. Pollak took no part in the consideration of this matter.

[1/] The Section 1407 motion of Continental and Texas Air, as amended, pertained to fifteen actions: eight actions in the District of Idaho and seven actions in the District of Colorado. The other four Idaho actions are included in the matter before us because all parties to these actions have stated in writing their respective positions on the present motion and participated in oral argument at the Panel's March 25, 1988 hearing. In addition, the Panel has been advised of several recently filed related actions, including one pending in the District of New Jersey. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

[2/] These Idaho plaintiffs stated their positions before the Panel in two separate pleadings denominated as motions and one other pleading denominated as a concurrence in one of the two motions. These pleadings, however, were filed too late to be considered by the Panel as motions at its March 25, 1988 hearing. Accordingly, the Panel deems these pleadings to be responses to the Section 1407 motion of Continental and Texas Air.

in one Idaho action, and in two potential tag-along actions pending in the District of Idaho, oppose centralization; alternatively, these plaintiffs would support centralization in the District of Idaho.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of Colorado will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share numerous factual questions concerning the cause or causes of the crash of Continental Flight 1713 on November 15, 1987, during an attempted takeoff at Denver's Stapleton International Airport. Centralization under Section 1407 is thus necessary in order to eliminate the possibility of duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Colorado is the most appropriate transferee forum. We note that 1) the crash occurred in that district; 2) the aircraft wreckage is stored there; and 3) pertinent witnesses and documents may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in the District of Idaho be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Sherman G. Finesilver for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A

MDL-751 -- In re Air Crash Disaster at Stapleton International Airport, Denver, Colorado, on November 15, 1987

### District of Idaho

Kreg O. Thomsen, et al. v. Continental Airlines, Inc., et al., C.A. No. Civ-87-1341
Libby Smoot v. Continental Airlines, C.A. No. Civ 88-1040
Ivan Rood, et al. v. Continental Airlines, C.A. No. Civ 88-1015
Wayne Davis v. Continental Airlines, Inc., et al., C.A. No. Civ. 88-1019
David Daniel v. Continental Airlines, Inc., et al., C.A. No. Civ 88-1020
Christopher Davis, et al. v. Continental Airlines, Inc., et al., C.A. No. Civ 88-1021
Angela Tlucek, et al. v. Continental Airlines, Inc., et al., C.A. No. Civ 88-1022
Ruth Ysursa, et al. v. Continental Airlines, Inc., et al., C.A. No. Civ 88-1034
Kathleen A. Cooper, et al. v. Continental Airlines Corporation, et al., C.A. No. 88-1073
Mary K. Cook, et al. v. Continental Airlines Corporation, et al., C.A. No. 88-1074
Karen Svea Johnson, et al. v. Continental Airlines Corporation, et al., C.A. No. 88-1075
Shirley Jean Weltz, et al. v. Continental Airlines Corporation, et al., C.A. No. 88-1090

### District of Colorado

Hugh Ford, et al. v. Continental Airlines Corporation, et al., C.A. No. 87-F-1922
Jeffrey McAlpine v. Continental Airlines Corporation, et al., C.A. No. 88-F-35
Daniel F. Nelson, etc. v. Continental Airlines Corporation, et al., C.A. No. 88-F-36
Sharon L. McAlpine, etc. v. Continental Airlines Corporation, et al., C.A. No. 88-F-37
Darrell Richter, et al. v. Continental Airlines Corporation, et al., C.A. No. 88-F-71
Don Russell Knapp, et al. v. Continental Airlines Corporation, et al., C.A. No. 88-F-72
Arthur Guerra v. Continental Airlines, Inc., et al., C.A. No. 88-F-136